UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SUSAN MOORE,

    Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Susan Moore ("MOORE"), by and through the undersigned counsel, hereby sues Aetna Life Insurance Company ("AETNA") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. MOORE was at all times relevant a plan participant under the Accenture Group Long Term Disability Policy, Group No.: GP-657455 ("LTD" Plan).

3. Defendant, AETNA, is a corporation with its principal place of business in the

State of Connecticut, authorized to transact and transacting business in the Southern District of Florida, maintain a claims processing office in Broward County. AETNA is the insurer of benefits under the Accenture LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, AETNA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The AETNA LTD Plan are employee welfare benefit plans regulated by ERISA, established by Accenture under which MOORE was a participant, and pursuant to which MOORE is entitled Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, MOORE is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as MOORE remains disabled as required under the terms and conditions of the LTD plan.

5. Pursuant to the terms and conditions of the LTD Plan, MOORE is entitled to LTD benefits for the duration of his disability, for so long as MOORE remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, AETNA, is authorized to and is doing business within the Southern District of Florida.

**CLAIM FOR LONG TERM DISABILITY BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

7. MOORE incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, MOORE was an employee or former employee of Anderson Consulting, LLP, which would later become Accenture and a plan participant under the terms and conditions of the LTD Plan.

9. During the course of MOORE's employment, MOORE became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while MOORE was covered under the LTD Plan, MOORE suffered a disability, the nature of which due to privacy concerns is set forth in detail in the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

10. Prior to filing for disability MOORE was employed as a Manager of Application Architecture for Anderson Consulting LLP.

11. Pursuant to the terms of the LTD Plan, MOORE made a claim to AETNA for benefits under the LTD Plan with a date of disability of August 17, 2001, with an effective date of LTD Benefits of November 15, 2001.

12. The AETNA LTD Policy defines Disability to mean you are not able, solely because of injury or disease, to work at your own occupation.

13. On June 30, 2021, after nearly 20 years on disability, AETNA advised MOORE that following a review of her file by a peer review doctor that AETNA determined that MOOR no longer suffered from any medical condition that would prevent her from returning to her former occupation.

14. On July 16, 2021, MOORE submitted her appeal.

15. On August 9, 2021, she provided AETNA with updated treatment records to support her disability.

16. AETNA hade MOORE's filed reviewed by an outside peer review doctor as part of its review of MOORE's appeal.

17. The peer review doctor spoke with MOORE's long time treating physician who opined that MOORE was not capable of working.

18. Despite having been on claim for nearly 20 years and continued support for disability be her doctors, AETNA's peer review doctor opined there was no evidence of any disabling condition that would prevent MOORE from returning to work.

19. On September 9, 2021, AETNA advised MOORE it was upholding the denial of her claim for LTD Benefits.

20. On February 24, 2020, MOORE provided additional medical information in support of her appeal.

21. MOORE has exhausted all administrative remedies.

22. AETNA breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to MOORE at a time when AETNA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as MOORE was disabled and unable to work and therefore entitled to benefits.

   b. After MOORE's claim was denied in whole or in part, AETNA failed to adequately describe to MOORE any additional material or information necessary for MOORE to perfect her claim along with an explanation of why such material is or was necessary.

   c. AETNA failed to properly and adequately investigate the merits of MOORE's disability claim and failed to provide a full and fair review of MOORE's claim.

23. MOORE believes and alleges that AETNA wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which MOORE is presently unaware, but which may be discovered in this future litigation and which MOORE will immediately make

AETNA aware of once said acts or omissions are discovered by MOORE.

24. As a proximate result of the aforementioned wrongful conduct of AETNA under the LTD Plan, MOORE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

25. As a further direct and proximate result of this improper determination regarding MOORE's claims for benefits, MOORE, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), MOORE is entitled to have such fees and costs paid by AETNA.

26. The wrongful conduct of AETNA has created uncertainty where none should exist; therefore, MOORE is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Susan MOORE prays for relief against the Aetna Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to paid in full under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred

in pursuing this action;

      5.      Payment of prejudgment and post judgment interest as allowed for under ERISA;

and

      6.      Such other and further relief as this Court deems just and proper.

DATED: February 9, 2022.

                              ATTORNEYS DELL AND SCHAEFER,
                              CHARTERED
                              Attorneys for Plaintiff
                              2404 Hollywood Boulevard
                              Hollywood, FL 33020
                              (954) 620-8300

                              __/s/ *Stephen F. Jessup*_____
                              STEPHEN F. JESSUP, ESQUIRE
                              Florida Bar No.: 0026264
                              Email: stephen@diattorney.com